**UNITED STATES of America,**
**Appellee,**

v.

**Ricky J. BRICKHOUSE, Defendant–**
**Appellant.**

**No. 11–1698–cr.**

United States Court of Appeals,
Second Circuit.

April 4, 2013.

Francisco E. Celedonio, Law Office of Francisco E. Celedonio, Esq., New York, NY, for Appellant.

Nicholas L. McQuaid (Katherine Polk Failla, on the brief), Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: DENNIS JACOBS, Chief Judge, AMALYA L. KEARSE, and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this appeal from the judgment of the district court be **DISMISSED.**

Ricky J. Brickhouse appeals from the judgment of the United States District Court for the Southern District of New York (Karas, *J.*), sentencing him to 120 months' imprisonment for conspiracy to distribute crack cocaine and to 84 months' imprisonment, to be served concurrently, for distribution and possession with intent to distribute crack cocaine. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

As an initial matter, the prior decision by a motions panel of this Court to deny the government's motion to dismiss this appeal on the basis of Brickhouse's appeal waiver (*see* Mot. Order, *United States v. Brickhouse,* No. 11–1698 (Dkt. No. 83) (Aug. 15, 2012)) is not binding on the merits panel. *See Rezzonico v. H & R Block, Inc.,* 182 F.3d 144, 149 (2d Cir.1999).

Brickhouse agreed to waive his right to appeal if he was sentenced to a prison term of 150 months or less, as he was. The colloquy at Brickhouse's plea hearing makes clear that the appeal waiver was knowing and voluntary (*see* Plea Hr'g Tr. 36–38 (Sept. 10, 2010)), and such a waiver is not contrary to public policy. Brickhouse's appeal waiver was valid when his plea was entered, and the waiver did not lose its effectiveness when the district court in a subsequent proceeding made statements arguably inconsistent with that waiver. No justifiable reliance could have been placed on such post-plea statements. *See United States v. Fisher,* 232 F.3d 301, 304–05 (2d Cir.2000).

Even though the Supreme Court has since determined, in *Dorsey v. United States,* —— U.S. ——, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012), that the Fair Sentencing Act of 2010 may apply retroactively to criminal conduct completed before the Act's effective date, the change in law does not render Brickhouse's appellate waiver unenforceable. *See United States v. Harrison,* 699 F.3d 158, 159 (2d Cir.2012); *United States v. Lee,* 523 F.3d 104, 107 (2d Cir.2008).

For the foregoing reasons, and finding no merit in Brickhouse's other arguments, we **DISMISS** the appeal.